UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STURGIS,

    Plaintiff,

v.                                          Case No. 14-14032

TIMOTHY WILLIS, et al.,

    Defendants,
                                       /

**ORDER OF DISMISSAL**

Plaintiff Donald Sturgis, a state inmate currently incarcerated at the Ojibway Correctional Facility in Marenisco, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 seeking monetary damages from various police officers, prosecutors, criminal defense attorneys, court clerks, and judges. The complaint alleges that the Defendants lacked subject matter jurisdiction to arrest, charge, prosecute, try, and convict him on the ground that the statutes under which he had been convicted were unconstitutional. Sturgis is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). For the reasons stated below, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

After a jury trial in the Oakland County Circuit Court, Sturgis was convicted of unlawful posting of messages through an electronic medium in violation of a restraining order (Mich Comp. Laws Ann. § 750.411(s)(2)(b)(i)), two counts of using a computer to

commit a felony (Mich Comp. Laws Ann. §§ 752.796(1), 752.797(3)(d)), aggravated stalking (Mich Comp. Laws Ann. § 750.411i), and misdemeanor stalking (Mich Comp. Laws Ann. § 750.411h). *People v. Sturgis,* No. 314821*,* 2014 WL 4160244, at *1 (Mich. Ct. App. Aug. 21, 2014). Sturgis was sentenced as a fourth habitual offender to concurrent prison terms of 5 to 35 years for the four felony convictions and one year for the misdemeanor stalking conviction. *Id.* The Court of Appeals of Michigan affirmed the convictions. *Id.*

## II. STANDARD

Sturgis's complaint is subject to the screening requirements of 28 U.S.C. § 1915(e)(2), pursuant to which a court must dismiss the claims of a prisoner who is proceeding without prepayment if the claims are frivolous, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)*.* A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff can prove no set of facts in support if his claims that would entitle him to relief. *Wershe v. Combs*, 763 F.3d 500, 505 (6th Cir. 2014). "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Id.* at 504-05.

### III. DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted). "[T]he Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement." *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).

If the court were to find, as Sturgis argues, that the statues under which Sturgis was convicted are unconstitutional, Sturgis's convictions would be rendered invalid. Sturgis does not allege that his convictions have been overturned, expunged, or called into question by a writ of habeas corpus. Accordingly, Sturgis's § 1983 claim is barred by *Heck*, and his complaint fails to state a claim.

On December 4, 2014, Sturgis filed a "Motion to Expand the Record, Motion for an Order for Service, Demand for Jury Trial." (Dkt. 7, Pg. ID 89.) Even if the court granted Sturgis's motion to expand the record, his claim would still be barred by *Heck*.

## IV.  CONCLUSION

IT IS ORDERED that the Complaint (Dkt. # 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the "Application for Appointment of Counsel, Request to Service Notice" (Dkt. # 6) and the "Motion to Expand the Record, Motion for an Order for Service, Demand for Jury Trial" (Dkt. 7) are DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: January 6, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 6, 2015, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522